IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BARBARA VIGNOS-WARE, et al.,

                    Plaintiffs,

v.                                        CIVIL ACTION NO.   2:12-cv-00761

ETHICON, INC., et al.,

                    Defendants.

MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Partial Summary Judgment)

Pending before the court is the Motion for Partial Summary Judgment [ECF No. 103] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively "Ethicon"). As set forth below, the defendants' Motion is **GRANTED in part** and **DENIED in part**.

I.     **Background**

This action involves an Ohio plaintiff who was implanted with Prosima and TVT-Obturator ("TVT-O"), mesh products manufactured by Ethicon. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 193, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Aug. 19, 2015, *available at http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiffs' case was selected as an "Ethicon Wave 1 case."

## II.    Legal Standards

### A.    Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

**B.    Choice of Law**

To determine the applicable state law for a dispositive motion, the court generally refers to the choice-of-law rules of the jurisdiction where the plaintiffs first filed their claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996). This case was originally filed in the United States District Court for the District of New Jersey. Compl. [ECF No. 1]. Therefore, I use New Jersey's choice-of-law rules to determine which state's substantive law to apply to this case. New

Jersey uses a two-step approach to resolve choice-of-law questions. *Arlandson v. Hartz Mountain Corp.*, 792 F. Supp. 2d 691, 699 (D.N.J. 2011) (citing *P.V. ex rel. T.V. v. Camp Jaycee*, 962 A.2d 453, 460–63 (N.J. 2008)). Under the first step, the court must determine whether an actual conflict exists. *Id.* "Second, if a conflict does exist, the court must determine which state has the 'most significant relationship' to the claim." *Id.*

The first step—whether the laws of New Jersey and Ohio are actually in conflict—is satisfied. Applying this step, the court examines the applicable laws of each state to determine "whether there is a distinction *in the laws* of particular jurisdictions." *Lebegern v. Forman*, 471 F.3d 424, 430 (4th Cir. 2006) (applying New Jersey law) (quoting *Grossman v. Club Med Sales, Inc.*, 640 A.2d 1194, 1197–98 (N.J. Super. Ct. App. Div. 1994)). Laws are considered distinct when the law of one state mandates a different outcome from the law of another state. *Id.* Here, an actual conflict exists between Ohio and New Jersey law. Specifically, the New Jersey Product Liability Act ("NJPLA") and the Ohio Product Liability Act ("OPLA") abrogate different claims, leading to different outcomes. For example, the OPLA expressly eliminates "all common law product liability claims or causes of action," including express warranty claims. Ohio Rev. Code § 2307.71(B); *See Krumpelbeck v. Breg, Inc.*, 491 F. App'x. 713, 721 (6th Cir. 2012) (applying Ohio law). The NJPLA, on the other hand, does not abrogate express warranty claims. *See* N.J. Stat. Ann. § 2A:58C-1(b)(3). Thus, an actual conflict exists.

Applying the second step, New Jersey follows the "most significant relationship test," as outlined in the Restatement (Second) of Conflict of Laws, in determining choice of law questions. *Camp Jaycee*, 962 A.2d at 455. "Under that standard, the law of the state of injury is applicable unless another state has a more significant relationship to the parties and issues." *Id.* (citing Restatement (Second) of Conflict of Laws § 146 (Am. Law Inst. 1971)). "If another state has a more significant relationship to the parties or issues, the presumption will be overcome. If not, it will govern." *Id.* To determine whether the state where the injuries did not occur has a more significant relationship, the court must consider section 145 of the Restatement. *Id.* Specifically, the court must consider: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." Restatement (Second) of Conflict of Laws § 145(2); *See Camp Jaycee*, 962 A.2d at 455 (explaining that courts look at the contacts detailed in section 145 of the Restatement).

Here, the implantation surgery took place in Ohio and Ms. Vignos-Ware received medical care for her alleged injuries in Ohio. Ms. Vignos-Ware was also a resident of Ohio when the alleged injury occurred. Accordingly, Ohio law governs the plaintiffs' challenged claims.[1]

---

[1] Ethicon asserts that New Jersey law governs the punitive damage claim. The plaintiffs' punitive damage claim, however, is not at issue in Ethicon's Motion and therefore will not be addressed.

## III.    Analysis

Ethicon argues it is entitled to summary judgment because the plaintiffs' claims are without evidentiary or legal support.

### A.    Strict Liability – Manufacturing Defect

The plaintiffs point to no evidence that the TVT-O or Prosima departed from its intended design at the time it left Ethicon's control. Accordingly, Ethicon's Motion as to Count II (manufacturing defect) is **GRANTED**.

### B.    Common Law Claims Abrogated by the Ohio Product Liability Act

The Ohio Products Liability Act ("OPLA") is Ohio's statutory vehicle for product liability actions. *See Wimbush v. Wyeth*, 619 F.3d 632, 639 (6th Cir. 2010) (applying Ohio law). In an attempt to streamline product liability claims, a 2005 amendment to the OPLA expressly eliminated "all common law product liability claims or causes of action." Ohio Rev. Code § 2307.71(B); *Wimbush* , 619 F.3d at 639. Following are common law claims that have been abrogated by courts applying Ohio law: Count I (negligence), Count VI (common law fraud), Count VII (fraudulent concealment), Count VIII (constructive fraud), Count IX (negligent misrepresentation), Count X (negligent infliction of emotional distress), Count XI (breach of express warranty), Count XII (breach of implied warranty), Count XIII (violation of consumer protection laws), Count XIV (gross negligence), and Count XV (unjust enrichment). In addition, the plaintiffs have not opposed summary judgment

on their common law claims. Accordingly, Ethicon's Motion regarding these claims is **GRANTED**.

### C.    All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiffs' remaining claims. Accordingly, Ethicon's Motion as to all remaining claims is **DENIED**.

## IV.    Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for Summary Judgment [ECF No. 103] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the following claims: Count I (negligence), Count II (strict liability – manufacturing defect), Count VI (common law fraud), Count VII (fraudulent concealment), Count VIII (constructive fraud), Count IX (negligent misrepresentation), Count X (negligent infliction of emotional distress), Count XI (breach of express warranty), Count XII (breach of implied warranty), Count XIII (violation of consumer protection laws), Count XIV (gross negligence), and Count XV (unjust enrichment).. Ethicon's Motion is **DENIED** in all other respects.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:    February 13, 2017

7    JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE